**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

TIMOTHY D. JERNIGAN,                    :
                                        :
                    Plaintiff           :
                                        :       7:05-CV-39 (HL)
          vs.                           :
                                        :
ASHLEY PAULK,                           :       **PROCEEDINGS UNDER 42 U.S.C. § 1983**
SHIRLEY LEWIS,                          :       **BEFORE THE U.S. MAGISTRATE JUDGE**
                                        :
                    Defendants          :
_____

**RECOMMENDATION**

*Pro se* prisoner plaintiff **TIMOTHY JERNIGAN** filed the above-styled complaint pursuant to 42 U.S.C. § 1983.

**I.  STANDARD OF REVIEW**

    *A.  28. U.S.C. § 1915(e)(2)*

Because plaintiff sought leave to proceed *in forma pauperis*, the Court is conducting a review of the instant complaint for frivolity under 28 U.S.C. § 1915(e)(2).  Notwithstanding any filing fee or portion thereof that might have been paid, a court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28  U.S.C. §§ 28 U.S.C. 1915A, 1915(e)(2).

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  ***Neitzke v. Williams***, 490 U.S. 319 (1989).

A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, the claim seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations.  *Id*. at 327;  *See also **Clark v. Georgia Pardons & Paroles Bd.***, 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

### B.  General Requirements of 42 U.S.C. § 1983

In any action under 42 U.S.C. § 1983, the initial question presented to the court is whether the essential elements of a  § 1983 cause of action are present.  First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States.  Second, he must allege that the act or omission was committed by a person acting under color of state law.  ***Parratt v. Taylor***, 451 U.S. 527, 535, *overruled in part on other grounds*, 474 U.S. 327 (1986).

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff states in the complaint he was refused medical treatment on multiple occasions. *See **Estelle v. Gamble***, 429 U.S. 97, 104 (1976)(Establishing deliberate indifference to a prisoner's serious medical needs violates the eighth amendment because the denial is tantamount to "unnecessary and wanton infliction of pain.")  Plaintiff further alleges that the denial of medical treatment was done in retaliation because plaintiff was interviewed by the Georgia Bureau of Investigation regarding the death of an inmate that plaintiff reported.  It is well established that an act of retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act when taken for a different reason would have been proper.  ***Wildberger v. Bracknell***, 869 F.2d 1467 (11th Cir. 1989).  Plaintiff names Sheriff Ashley Paulk and Nurse Shirley Lewis as defendants.

### III.  DISCUSSION

A plaintiff cannot prevail under 42 U.S.C. § 1983 based solely on a theory of respondeat superior.  *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986).  In order to prevail on a § 1983 claim against a supervisory official, a plaintiff must show that the named defendant was actually involved in, or exercised control or direction over, the alleged constitutional deprivation.  *Cotton v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).  The plaintiff must also allege deprivation of rights by individual employees in their official capacity.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1316 (11th Cir. 2000); *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1388 (11th Cir. 1981).

Plaintiff has neither alleged nor shown that Sheriff Ashley Paulk was actually involved in, or exercised control or direction over, the alleged constitutional deprivation in this case.

Therefore, it is the **RECOMMENDATION** of the undersigned that the claim against defendant Ashley Paulk be **DISMISSED** and that said party be terminated as a party herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Judge to whom this case is assigned, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 18th  day of October, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

mh