IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| TIMOTHY JERNIGAN, | : | |
| Plaintiff, | : | |
| VS. | : | CIVIL ACTION FILE NO. |
| | : | **7: 05-CV-39 (HL)** |
| SHIRLEY LEWIS, | : | |
| Defendant. | : | |

**RECOMMENDATION**

Presently pending in the *pro se* prisoner 42 U.S.C. § 1983 action is defendant's motion for summary judgment (doc. 20). The undersigned notified plaintiff of the filing of the motion and the importance of filing a response thereto; however, the mail has been returned as undeliverable. The attorney for defendant has filed a supplemental affidavit (doc. 30) documenting her attempts to find plaintiff's current address since he had been released from his last known address at the Robert Patten Probation Detention Center in Lakeland, Georgia.

In his complaint, plaintiff alleges that while detained at the Lowndes County Detention Center, defendant Shirley Lewis, a nurse and owner operator of the company that provides health care to inmates at Lowndes County Detention Center, denied plaintiff of needed medical care in retaliation for his having talked with a member of the Georgia Bureau of Investigation concerning the death of another inmate. Plaintiff claims that his personal physician recommended foot surgery for plaintiff or he could face the loss of the ability to walk, but that he never received the surgery despite his many oral and written requests.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the

dismissal of factually unsupported claims prior to trial.

It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). However, "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations." Harris, 941 F.2d at 1505. It must involve the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25 (1993). Knowledge of the medical need alleged or circumstances clearly indicating the existence of such need is essential to a finding of deliberate indifference. Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1191 (11th Cir. 1994), quoting Horn ex rel. Parks v. Madison Co. Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994), cert. denied, 513 U.S. 873 (1994). In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. "It is......true that when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." McElligott v. Foley, 182 F.3d 1248, 1256-1257 (11th Cir. 1999).

Defendant Lewis has filed her affidavit as well as plaintiff's medical records from the relevant period which clearly shows that he did receive medical care. (Doc. 20, exhibits 1 and 2).

Just because a plaintiff disagrees with the medical decision does not evidence deliberate indifference to his serious medical needs. This case presents a classic example of a plaintiff's

3

disagreement with the medical judgment used in plaintiff's treatment, sounding in medical malpractice. To demonstrate "significant" harm, a plaintiff must provide verifying medical evidence that proves that it was the denial or delay in medical treatment that caused the harm rather than an underlying condition or injury. Hill, 40 F.3d at 1186; Harris, 21 F.3d at 393-94 (11th Cir.1994). Nothing in plaintiff's unverified complaint nor anything revealed by a review of the record, rebuts defendants' properly supported motion for summary judgment.

Moreover, it is clear that plaintiff has failed to diligently prosecute this action. Plaintiff was given an opportunity to respond to this motion; however, plaintiff has apparently been released from incarceration and did not provide a forwarding address. Plaintiff has failed to conduct any discovery in this action, or otherwise prosecute the same.

By an order dated October 18, 2005 (doc. 8), the undersigned advised plaintiff that he should diligently prosecute this action or face its dismissal under Federal Rules of Civil Procedure Rule 41(b).

After having afforded plaintiff an opportunity to respond to defendant's motion, the undersigned finds a clear record of delay and a wilful failure of the plaintiff to take meaningful action to prosecute this action. It is the further finding of the undersigned that lesser sanctions will not suffice; therefore, it is the RECOMMENDATION of the undersigned that this action be **DISMISSED** with prejudice in its entirety, both on the merits of the summary judgment motion filed by defendant and for plaintiff's failure to prosecute. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 25th day of January, 2008.


                                                 <u>//S Richard L. Hodge</u>
                                                 RICHARD L. HODGE
                                                 UNITED STATES MAGISTRATE JUDGE